IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | : | |
| SANFORD KREISLER and | : | |
| BASK HOLDINGS, LLC, | : | |
|     Debtors | : | |
| | : : : | |
| SANFORD KREISLER and | : | |
| BASK HOLDINGS, LLC, | : | |
|    Appellants | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-1528 |
| | : | |
| GLENN H. GOLDBERG, et al., | : | |
|    Appellees | : | APPEAL FROM BANKRUPTCY |
| | : | CASE NO. 02-57640-SD |

...oOo...

MEMORANDUM OPINION

This is an appeal from two orders of the bankruptcy court in a consolidated case involving two debtors, appellants Sanford Kreisler and Bask Holdings, LLC. Subject matter jurisdiction is appropriate under 28 U.S.C. § 158(c)(1). On appeal, district courts review bankruptcy courts' factual findings for clear error, and their conclusions of law under the *de novo* standard. *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001); *In re Deutchmann*, 192 F.3d 457, 459 (4th Cir. 1999). An abuse of discretion standard applies in the review of a bankruptcy court's ultimate application of law to fact. "An abuse of discretion exists where the [lower court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 470 (3d Cir. 1998) (quoting *ACLU v. Black Horse Pike Reg'l Bd.*

*of Educ.,* 84 F.3d 1471, 1476 (3d Cir. 1996) (internal quotation omitted)).

Appellants complain that the bankruptcy court concluded, erroneously, that certain property interests owned by a wholly-owned subsidiary of debtor Bask Holdings, LLC (apparently, a ground rent underlying an inner city Baltimore residence), did not constitute "property of the estate" under 11 U.S.C. § 541(a), and therefore was not protected from impairment (in a state-court foreclosure action instituted by the lessor) pursuant to the automatic stay under 11 U.S.C. § 362(a)(3).

The bankruptcy court found and concluded that the property interests surrounding the ground rent were not "property of the estate" but property of the subsidiary, a limited liability company, of which debtor Bask Holdings, LLC, was the sole member. In so concluding, the bankruptcy court distinguished the *debtor's interest in the limited liability company*, i.e., the subsidiary, from the *subsidiary's direct property interest in the ground rent*.

I have reviewed the briefs of the parties and the record on appeal; no hearing is necessary. The law is clear that under some circumstances, a debtor may seek an extension of the automatic bankruptcy stay afforded by § 362(a)(3) to property owned by a subsidiary. *See In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 431 (2d Cir.1987) ("[W]here a non-debtor's interest in property is intertwined . . . with that of a bankrupt debtor [and] [i]f action taken against the non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay."), *cert. denied,* 485 U.S. 1035 (1988); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th

Cir.)(similar), *cert. denied,* 479 U.S. 876 (1986); *In re Equity Funding Corp.,* 396 F.Supp. 1266, 1275 (C.D.Cal.1975)(similar); *In re Cardinal Indus.,* 109 B.R. 748 (S.D.Ohio 1989)(similar). In this case, however, the debtors never sought or received such an extension of the stay by the bankruptcy court, and thus they resorted to a belated, post-foreclosure effort to have the bankruptcy court undo the state court judgment foreclosing all of the subsidiary's interest in the ground rent and the related real property.

It is plain that, in declining to afford relief to appellants, the bankruptcy court committed no error of law or abuse of discretion. Accordingly, the bankruptcy court's orders shall be AFFIRMED.

Filed: September 22, 2005                                  /s/
                                                      Andre M. Davis
                                                      United States District Judge